UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BOSCO, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>CANOPY GROWTH CORPORATION, MARK ZEKULIN, BRUCE LINTON, MIKE LEE, and TIM SAUNDERS,<br><br>      Defendants. | Case No.: 1:19-cv-11341-LAK<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOVANT MICHAEL GEDELL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |
| JONATHAN JAY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>CANOPY GROWTH CORPORATION, BRUCE LINTON, MARK ZEKULIN, MIKE LEE, and TIM SAUNDERS,<br><br>      Defendants. | Case No.: 1:20-cv-00485-UA<br><br>CLASS ACTION |

Case 1:19-cv-11341-LAK   Document 11   Filed 01/21/20   Page 2 of 13

## **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................2

III. ARGUMENT ...................................................................................................................3

    A. The Actions Should Be Consolidated for All Purposes ......................................3

    B. Movant Should Be Appointed Lead Plaintiff .....................................................4

        1. This Motion Is Timely ..............................................................................5

        2. Movant Has the Largest Financial Interest in the Relief Sought by the Class ..................................................................................................5

        3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ..................................................................................................6

    C. The Court Should Approve Movant's Selection of Counsel ...............................8

IV. CONCLUSION ................................................................................................................8

## **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Goldstein v. Puda Coal, Inc.*,
    827 F. Supp. 2d 348 (S.D.N.Y. 2011)..................................................................................6

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...........................................................................................6

*In re Titan*, *Inc. Sec. Litig.*,
    No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005) ...............................................................8

*In re WorldCom, Inc. Sec. Litig.*,
    219 F.R.D. 267 (S.D.N.Y. 2003) .........................................................................................7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) *on reconsideration in part sub nom. In re IMAX Sec.
    Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009) .............6, 7

*Linn v. Allied Irish Banks, PLC*,
    No. 02 Civ. 1738 (DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) .............................6

*Peifa Xu v. Gridsum Holding Inc.*,
    No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ..............................6

*Vladimir v. Bioenvision, Inc.*,
    No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ................5, 6

**STATUTES, RULES & OTHER AUTHORITIES**

15 U.S.C.
    §78u-4(a)(1) ........................................................................................................................4
    §78u-4(a)(3)(A)(i) ...............................................................................................................4
    §78u-4(a)(3)(A)-(B) ............................................................................................................4
    §78u-4(a)(3)(B) ...................................................................................................................4
    §78u-4(a)(3)(B)(i) ...............................................................................................................4
    §78u-4(a)(3)(B)(iii) .........................................................................................................2, 5
    §78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................................................5
    §78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................................6
    §78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................................8
    §78u-4(a)(3)(B)(v) ..........................................................................................................2, 8

Fed. R. Civ. P. 23(a)(3)-(4)..............................................................................................................6

Rule 23(a).........................................................................................................................................6

Movant Michael Gedell ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (i) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment as Lead Plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of Movant's selection of Robbins LLP ("Robbins LLP") as Lead Counsel and Law Offices of Thomas G. Amon ("Amon") as Liaison Counsel for Lead Plaintiff and the proposed class.

I.      INTRODUCTION

Presently pending in this district are two securities class action lawsuits (the "Actions") on behalf of purchasers of Canopy Growth Corporation ("Canopy" or the "Company") securities between September 8, 2017 and November 13, 2019, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").[1] In particular the Actions are *Bosco v. Canopy Growth Corporation, et al.*, No. 1:19-cv-11341-LAK and *Jay v. Canopy Growth Corporation, et al.*, No. 1:20-cv-000485-UA. Both Actions allege violations of the Exchange Act and name the same defendants, including Canopy and certain of the Company's officers and directors. Finally, the Actions similarly overlap in the statements that plaintiffs in both Actions state are false and misleading. Accordingly, the Court should consolidate the Actions.

Next, under the PSLRA, the Court is tasked with appointing the Lead Plaintiff in the Actions. The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act. Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's sixty day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the

---

[1] Movant is also filing a lead plaintiff motion in the substantially similar action pending in the U.S. District Court for the District of New Jersey. If appointed Lead Plaintiff, Movant will seek to transfer and consolidate the actions in one forum.

Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Movant meets these requirements, because: (i) Movant timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23.  *See id.*; *infra* Section III.B.

Finally, the Court should approve Movant's choice of Lead and Liaison Counsel.  Movant has retained experienced and competent counsel.  As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's selection of Robbins LLP as Lead Counsel and Amon as Liaison Counsel for the class and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Canopy, a Canadian corporation, headquartered in Smiths Falls, Ontario, Canada, together with its subsidiaries, engages in production, distribution, and sale of cannabis in Canada.  The Company's shares trade on the New York Stock Exchange under the ticker symbol "CGC."

Canopy operates through two segments: Cannabis Operations and Canopy Rivers.  The Company's products include dried flowers, oils and concentrates, softgel capsules, and hemps.  It offers its products under the Tweed, Spectrum, DNA Genetics, CraftGrow, Tokyo Smoke, DOJA, Van der Pop, and Maitri brands.  The Company also provides growth capital and a strategic support platform that pursues investment opportunities in the global cannabis sector.

Following passage of the Canadian Federal Government's Bill C-45 on June 19, 2018, provinces of Canada announced either that their respective provincial liquor control agencies would oversee the distribution and retail of nonmedicinal cannabis, or that their respective provincial liquor control agencies would be responsible for distribution and oversee the private retail of nonmedicinal cannabis.  According to Canopy's public filings, the Canadian recreational market launched on October 17, 2018.

The Actions allege that during the Class Period, defendants are responsible for false and misleading statements and omitting material facts concerning the Company's financial condition and

results of operations.  Specifically, defendants authorized or signed and/or participated in making false and misleading statements that omitted material facts and/or failed to disclose that: (i) Canopy had exaggerated and/or overestimated the potential market for its products in Canadian retail stores; (ii) as a result, Canopy had failed to properly account for inventory and demand for its products, leading to inventory write-offs and restructuring charges; (iii) all of the foregoing was reasonably likely to have a material negative impact on the Company's financial results; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

However, once the market learned the truth about Canopy's business metrics and financial prospects that existed at the time, shares of Canopy's common stock fell $2.66 per share, or 14.38%, to close at $15.84 per share on November 14, 2019, damaging investors.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42"), consolidation is appropriate where the actions involve "common questions of law or fact."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (quoting Rule 42(a)).  "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."  *Id*. at 1285 (citing *Romacho v. Stanley*, 567 F. Supp. 1417, 1419 n.2 (S.D.N.Y. 1983) *aff'd sub nom. Morse v. Stanley*, 732 F.2d 1139 (2d Cir. 1984)).  Importantly, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."  *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) *on reconsideration in part sub nom.  In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL

1905033 (S.D.N.Y. June 29, 2009) (cited approvingly by *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 352-53 (S.D.N.Y. 2011)).

Here, as noted above, there are at least two related securities class actions pending in this District on behalf of investors who purchased Canopy common stock. The Actions allege substantially similar statements made by similar parties were misleading. Accordingly, consolidation is appropriate under Rule 42(a). *See id.*

### B.   Movant Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *Business Wire* on November 20, 2019. *See* Declaration of Thomas G. Amon in Support of Movant Michael Gedell's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Amon Decl."), Ex. A, filed concurrently herewith. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate

- 4 -

plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
>
> > (aa)   has either filed the complaint or made a motion in response to a notice ... ;
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1.   This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from November 20, 2019, or January 21, 2020.  *See* Amon Decl., Ex. A.  As this motion is being filed on January 21, 2020, it is timely.  Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

### 2.   Movant Has the Largest Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). "The PSLRA does not define the term 'largest financial interest' nor provide a method for determining which plaintiff has the largest financial interest in the relief sought by the class." *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *4 (S.D.N.Y. Dec. 21, 2007). "Courts in the Second Circuit have developed a four-factor test focusing on: (1) the total number of shares purchased (or sold) during the class period; (2) the number of net shares purchased (or sold) during the class period (i.e., the difference between the number of shares purchased (or sold) and the number of shares sold (or purchased)); (3) the total net funds expended during the class period (i.e., the difference between the amount spent to purchase shares and the

amount received for the sale of shares during the class period); and (4) the approximate loss suffered during the class period." *Id*. (citations omitted). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (citations omitted).

Under this rubric, Movant's financial interest in the relief sought by the class here, is as follows:

| Shares Purchased: | Net Shares Purchased: | Net Funds Expended: | Losses: |
|---|---|---|---|
| 10,000 | 10,000 | $333,810.00 | $136,425.91 |

*See* Amon Decl., Exs. B and C. To the best of Movant's counsel's knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movants. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). In selecting the Lead Plaintiff under the PSLRA, "typicality and adequacy of representation are the only [relevant] provisions." *Kaplan*, 240 F.R.D. at 94. "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." *Id*. (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)).

Under Rule 23(a), "[t]he typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 WL 2813133, at *5 (S.D.N.Y. Dec. 8, 2004) (citation omitted). Typicality exists even if there are some factual

distinctions between the claims of the named plaintiff and those of other class members. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003) (noting that "[t]he factual background of each named plaintiff's claim need not be identical to that of all of the class members as long as the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class") (citations and internal quotations omitted).

Here, Movant satisfies the typicality requirement for purposes of selecting a Lead Plaintiff because, like other class members, he: (i) purchased Canopy securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (iii) thereby suffered damages. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94.

Here, Movant is an adequate Lead Plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class. In addition, Movant has submitted a certification detailing his investments in Canopy during the Class Period and confirming his willingness to discharge the obligations of class representatives in these Actions. *See* Amon Decl., Ex. B.

In addition, as described below, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class. All of these

factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

### C. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Robbins LLP to serve as Lead Counsel and Amon as Liaison Counsel.

Robbins LLP is a nationally-recognized shareholder rights firm focusing its practice on complex shareholder litigation. *See* Amon Decl., Ex. D. Robbins LLP attorneys have secured impressive recoveries in shareholder rights' actions. For example, Robbins LLP served as Lead Counsel in the securities fraud class action *In re Titan, Inc. Sec. Litig.*, No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million. Amon is similarly well qualified to serve as Liaison Counsel. Established in 2002 and based in New York, New York, Amon has significant experience in complex class and multiparty actions.

Based on these qualifications, the Court may be assured that the members of the class will receive the highest caliber of legal representation available from Robbins LLP and Amon if this motion is granted. Accordingly, Movant's selection of counsel should be approved.

### IV. CONCLUSION

The two related Actions before the Court are substantially similar and should be consolidated. In addition, Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of Robbins LLP as Lead Counsel and Amon as Liaison Counsel for Lead Plaintiff and the proposed class, and grant such other relief as the Court may deem just and proper.

Dated: January 21, 2020

Respectfully submitted,

LAW OFFICES OF THOMAS G. AMON

/s/Thomas G. Amon
THOMAS G. AMON

420 Lexington Avenue, Suite 1402
New York, NY 10170
Telephone: (212) 810-2430
E-mail: tamon@amonlaw.com

*Counsel for Movant Michael Gedell and [Proposed] Liaison Counsel*

ROBBINS LLP
BRIAN J. ROBBINS
GREGORY E. DEL GAIZO
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
         gdelgaizo@robbinsllp.com

*Counsel for Movant Michael Gedell and [Proposed] Lead Counsel*

1422839

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed January 21, 2020.



/s/Thomas G. Amon
THOMAS G. AMON