UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
STEVEN BOSCO, Individually and on Behalf :   Civil Action No. 1:19-cv-11341-LAK
of All Others Similarly Situated,             :
                                        :   <u>CLASS ACTION</u>
                 Plaintiffs,    :
                                        :
      vs.                                       :
                                        :
CANOPY GROWTH CORPORATION,     :
MARK ZEKULIN, BRUCE LINTON, MIKE :
LEE and TIM SAUNDERS,               :
                                        :
                   Defendants.   :
—————————————————————— x
JONATHAN JAY, Individually and on Behalf :   Civil Action No. 1:20-cv-00485-UA
of All Others Similarly Situated,             :
                                        :   <u>CLASS ACTION</u>
                 Plaintiffs,    :
                                        :
      vs.                                       :
                                        :
CANOPY GROWTH CORPORATION,     :
BRUCE LINTON, MARK ZEKULIN, MIKE :
LEE and TIM SAUNDERS,               :
                                        :
                   Defendants.   :
—————————————————————— x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I.       INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought on behalf of public investors who purchased or otherwise acquired Canopy Growth Corporation ("Canopy Growth" or the "Company") securities between September 8, 2017 and November 13, 2019 seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and four of its current and former officers: (1) *Bosco v. Canopy Growth Corp.*, No. 1:19-cv-11341, filed on December 11, 2019; and (2) *Jay v. Canopy Growth Corp.*, No. 1:20-cv-00485, filed on January 17, 2020 (the "Related Actions").  In addition to the Related Actions, there is a substantially similar complaint pending in the District of New Jersey, *Ortiz v. Canopy Growth Corp.*, No. 2:19-cv-20543, filed on November 20, 2019 on behalf of investors who purchased or otherwise acquired Canopy Growth securities between June 21, 2019 and November 13, 2019, inclusive.

Putative class member and proposed lead plaintiff Douglas S. Chabot respectfully submits this memorandum of law in support of his motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"); (2) appointing Mr. Chabot lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving Mr. Chabot's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the proposed class.[1]

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42(a) because the

---

[1]      Mr. Chabot is also filing a lead plaintiff motion in the substantially similar action pending in the District of New Jersey.  If appointed Lead Plaintiff, Mr. Chabot would seek to transfer and consolidate the actions in one forum.

4836-6492-1522.v1

Related Actions involve nearly identical questions of law and fact.  Further, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Mr. Chabot is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing his motion, Mr. Chabot has a significant financial interest – an interest believed to be greater than that of any plaintiff.  And, Mr. Chabot meets the Rule 23 typicality and adequacy requirements because his claims are typical of those of absent class members and Mr. Chabot will fairly and adequately represent the interests of the proposed class.  Mr. Chabot has also selected Robbins Geller to serve as lead counsel for the putative class in the event his motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Chabot's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving Mr. Chabot's choice of counsel, the class will receive the highest caliber of legal representation.  *See, e.g.*, §III.C, *infra*.

Accordingly, Mr. Chabot's motion should be granted.

## II.     FACTUAL BACKGROUND

Canopy Growth, together with its subsidiaries, engages in the production, distribution, and sale of cannabis in Canada.  The Company was formerly known as Tweed Marijuana Inc. and changed its name to Canopy Growth Corporation in September 2015.

Canopy Growth shares began trading on the New York Stock Exchange ("NYSE") under the ticker symbol "CGC" on May 24, 2018, before which the Company's shares traded publicly under the ticker symbol "WEED" on the Toronto Stock Exchange ("TSX"), and under the ticker symbol "TWMJF" on the OTC Pink market ("OTC").  The Company's common shares on the OTC continued to trade until market close on May 23, 2018, after which those shares began trading under

- 2 -

the ticker symbol "CGC" on the NYSE.  The Company's common shares continue to trade on the TSX.

The complaints allege that defendants made materially false and misleading statements about Canopy Growth's business, operations, and compliance policies.  These statements are alleged to be materially false and misleading because they failed to disclose that: (i) Canopy Growth exaggerated and/or overestimated the potential market for its products in Canadian retail stores; (ii) as a result, Canopy Growth failed to properly account for inventory and demand for its products, leading to inventory write-offs and restructuring charges; (iii) all of the foregoing was reasonably likely to have a material negative impact on the Company's financial results; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On November 14, 2019, Canopy Growth announced its financial results for the second quarter of fiscal year 2020.  Among other results, Canopy Growth reported revenue that fell below the lowest analyst estimate and an earnings before interest, tax, depreciation, and amortization loss of C$155.7 million, which one analyst described as "astounding."  ECF No. 1 at ¶9.  Canopy Growth further advised investors that it was unlikely to meet its previous revenue guidance of C$250 million by the fiscal fourth quarter.  As explained by Canopy Growth's then-Chief Executive Officer, defendant Mark Zekulin, "provinces have reduced purchases to lower inventory levels, retail store openings have fallen short of expectations, and Cannabis 2.0 products are yet to come to market." *Id.*  Canopy Growth further advised that, "[a]s part of a management-initiated portfolio review, the Company has taken a restructuring charge of $32.7 million for returns, return provisions, and pricing allowances primarily related to its softgel & oil portfolio"; "recorded an inventory charge of $15.9 million to align the portfolio with the new strategy"; and that "[t]he Q2 2020 gross margin impact of

- 3 -

the portfolio restructuring costs is $40.4 million." *Id.*  On this news, Canopy Growth's stock price fell $2.66 per share, or 14.38%, to close at $15.84 per share on November 14, 2019.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Canopy Growth shares, Mr. Chabot and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants.  Because the Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate here.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.   Mr. Chabot Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Chabot meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.   Mr. Chabot's Motion Is Timely

On November 20, 2019, the statutory notice for the first-filed *Ortiz* action was published on *Business Wire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days of the publication of the notice, or by January 21, 2020. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Thus, Mr. Chabot filed within the applicable deadline and his motion should be considered for lead plaintiff appointment.

### 2.   Mr. Chabot Possesses the Largest Financial Interest

As indicated in his Certification and loss chart, Mr. Chabot purchased 38,500 shares of Canopy Growth securities between September 8, 2017 and November 13, 2019 and suffered approximately $341,672 in losses during this period as a result of defendants' alleged wrongdoing.

*See* Rosenfeld Decl., Exs. B, C.[2]  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Chabot satisfies the PSLRA's "largest financial interest" requirement.

### 3.    Mr. Chabot Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage, only a preliminary showing of typicality and adequacy is required."  *Nakamura v. BRF S.A.*, 2018 WL 3217412, at *4 (S.D.N.Y. July 2, 2018).

Mr. Chabot satisfies the typicality threshold because his claims arise from the same conduct from which the other class members' claims and injuries arise.  Just like all other class members, he purchased Canopy Growth securities during the relevant time period, was adversely affected by defendants' allegedly false and misleading statements and suffered damages thereby.  *Id.* ("Birmingham's claims would be typical of the class because they assert violations of section 10(b) and Rule 10b-5 based on defendants' allegedly false and misleading statements."); *see generally Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-174 (S.D.N.Y. 2010) ("'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"") (citation omitted).

The adequacy requirement of Rule 23 is satisfied where the movant "has no known conflict with the class members, has a sufficient interest in the outcome to insure vigorous advocacy and has selected qualified and experienced counsel." *Nakamura*, 2018 WL 3217412, at *4; *Sgalambo*, 268

---

[2]    Mr. Chabot's purchases and losses would be the same if the class period began on May 24, 2018, the day Canopy Growth's shares began trading on the NYSE.

F.R.D. 170 at 174 (same).  Here, Mr. Chabot is an adequate representative of the class because his interests are aligned with those of the putative class and there is no evidence of any antagonism between Mr. Chabot's interests and the class's interests.  Further evidencing his ability to fairly and competently represent the interests of the class, Mr. Chabot has submitted a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff.  *See* Rosenfeld Decl., Ex. D.  As described in greater detail below, Mr. Chabot has also retained competent and experienced counsel to prosecute these claims.  Finally, Mr. Chabot's substantial loss provides the requisite interest to ensure vigorous advocacy.  Thus, Mr. Chabot satisfies the adequacy requirements of Rule 23(a)(4).

### C.     Mr. Chabot's Selection of Counsel Should Be Approved

"Under the PSLRA, the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'"  *Nakamura*, 2018 WL 3217412, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"  *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *3 (S.D.N.Y. Oct. 4, 2017) (citation omitted). Here, Mr. Chabot has selected Robbins Geller to serve as Lead Counsel for the proposed class.[3]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  Robbins Geller, a 200-attorney firm with offices nationwide, including in this District, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the

---

[3]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4836-6492-1522.v1

prosecution of complex securities issues. District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex class action cases. *See, e.g.*, *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, No. 1:17-cv-01545, ECF No. 49 (S.D.N.Y. June 19, 2017) (appointing Robbins Geller as lead counsel); *Samit v. CBS Corp.*, No. 1:18-cv-07796-VEC, ECF No. 43 at 4 (S.D.N.Y. Nov. 30, 2018) ("The Court is familiar with Robbins Geller and, having reviewed the firm's résumé . . . 'agrees with other courts in this district that Robbins Geller is "qualified, experienced, and able to conduct the litigation."'") (citation omitted); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 3015) ("Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.").

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.),

---

[4]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving Mr. Chabot's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve nearly identical legal and factual questions.  In addition, Mr. Chabot has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Chabot respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  January 21, 2020                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD
                                            VINCENT M. SERRA


                                                    *s/ David A. Rosenfeld*
                                            DAVID A. ROSENFELD

                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)
                                            srudman@rgrdlaw.com
                                            drosenfeld@rgrdlaw.com
                                            vserra@rgrdlaw.com

4836-6492-1522.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-11341-LAK Bosco v. Canopy Growth Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas G. Amon**
  tamon@amonlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Melinda Ann Nicholson**
  melinda.nicholson@ksfcounsel.com,ecf.filings@ksfcounsel.com,patrick.abercrombie@ksfcounsel.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)